Sooeield, J.,
delivered the opinion of the court:
March 3,1871, Congress passed the following act:
“That the New Orleans, Baton Eouge and Vicksburg Eail-road Company shall have * * * and in aid of its construction from New Orleans to Baton Eouge, thence by way of Alexandria in said State, td connect with the said Texas Pacific Eailroad Company at its eastern terminus, there is hereby granted to said company, its successors and assigns, the same number of alternate sections of public lands per mile in the State of Louisiana as are by this act granted in the State of California to said Texas Pacific Eailroad Company. * * * Provided, That said company shall complete the whole of said road within five years from the passage of this act.” (16 Stat., 579.)
Nothing was done under this act by the company therein named except to file in the Interior Department a map of the general route of its contemplated road; but in February, 1881, it sold and transferred all its rights to the claimant. Soon after the transfer the claimant began the construction of the road, and having within the next two years completed 260 miles, applied to the Secretary of the Interior for patents. The patents were made out. but before delivery the Secretary required the claimant to pay the cost of survey, amounting to $14,713.63, which requirement was complied with under protest.
This suit is brought to recover back the sum so paid.
In this transaction the Secretary followed the provision of the Act July 31, 1876 (19 Stat., 121), which is as follows:
“And provided further, That before any land granted to any railroad by the United States shall be conveyed to such com-* pany, or to any persons entitled thereto, under any of the acts iñcorporating or relating to said company, unless such company is exempted by law from the payment of such cost, there shall first be paid into the Treasury of the United States the cost *461 of surveying tbe same by tbe said company or persons in interest.”
At the time this act was passed neither the claimant nor its assignor had acquired any legal or even equitable right to claim the land. The five years within which the road should have been completed in order to secure the grant had elapsed and nearly five months in addition, but the work of construction had not, been even begun. Four and a half years more were allowed to pass before anything was done.
Congress was therefore at liberty, at the time this act was passed, to withdraw the offer or grant altogether, of suffering it to remain, impose upon it any new conditions it saw fit.
' Does the act of 1876 impose upon this particular grant a new condition ?
The language of the act is very comprehensive. Beyond all doubt it embraced this grant, “unless the company is exempted by law from the payment of such cost.”
It is conceded that there is no express exemption, but it is contended that an exemption grows out of the fact tliat no such condition is imposed in the original act, by which act, it is-alleged, the rights of the parties became fixed. There would be great force in this argument if the company liad earned the grant by complying with the condition upon which it was made. If, as we have stated, Congress had power, in 1876, to withdraw the grant altogether, by reason of the company’s failure to undertake the construction of the road within the time limited by the act, certainly it had power to impose new terms upon its continuance.
It was ten years after the conditional grant had been made, five years after the time limited for the completion of the road had expired, and four and a half years after a new condition had been imposed by the act ot 1876, that the claimant, with a full knowledge of this act, as we are bound to presume, bought out the original grantee and began the work.
It was then too late to avoid the effect of intermediate legislation.
The demurrer is sustained, with leave to the claimant to amend the petition within the present week.
If no amendment is offered within said time judgment will be entered dismissing the petition.
*462 Nott, J., did not sit in this case and took no part in the decision.
Weldon, J., was prevented by illness from sitting in this ■ease and took no part in the decision.